In re Petition for **DISCIPLINARY ACTION AGAINST Mark A. OLSON, a Minnesota Attorney, Registration No. 82119.**

No. A09–813.

Supreme Court of Minnesota.

June 17, 2009.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Mark A. Olson committed professional misconduct warranting public discipline, namely, failure to serve a third-party subpoena on opposing counsel, failure to accurately quote the applicable procedural rule in a court filing, failure to promptly dismiss an appeal once the underlying case settled, failure to obtain a waiver of the homestead exemption before claiming a security interest in the homestead of a marital dissolution client, misrepresenting respondent's hourly fee in a request for payment of attorney fees, failure to report an assignment of the client's interest in her husband's retirement assets, failure to obey an order of the court of appeals, failure to timely order a transcript in a child custody case given priority for scheduling on appeal, failure to timely file memoranda as ordered by the court of appeals resulting in dismissal of a portion of the client's appeal, failure to timely file documents on behalf of the personal representative of an estate and administration of the oath in a deposition in violation of the Minnesota Rules of Civil Procedure, in violation of Minn. R. Prof. Conduct 1.3, 1.8(j) (as it existed before October 1, 2005), 3.2, 3.4(c) and (d), and 8.4(d). Respondent

waives his procedural rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR) and admits the allegations of the petition. The parties jointly recommend that the appropriate discipline is a public reprimand and two years of supervised probation.

The court has independently reviewed the file and approves the recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent Mark A. Olson is publicly reprimanded and placed on supervised probation for a period of two years, subject to the following terms and conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and shall promptly respond to the Director's correspondence by the due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct.

(c) Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Within two weeks from the date of filing of this order, respondent shall provide the Director with the names of four attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall on the first day of each month provide the Director with an inventory of active client files described in paragraph (d) below. Respondent shall make active client files available to the Director upon request.

(d) Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. By the first day of each month during probation, respondent shall provide the supervisor with an inventory of all active client files. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request.

(e) Respondent shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters that respondent is handling, and that will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

(f) Within thirty days from the date of filing of this order, respondent shall provide the Director and the probation supervisor, if one has been appointed, with a written plan outlining office procedures designed to ensure that respon-

dent complies with the requirements of this probation. Respondent shall provide progress reports as requested.

Respondent shall pay the sum of $900 in costs, pursuant to Rule 24, RLPR.

BY THE COURT:

/s/Alan C. Page
Associate Justice